```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION
```

| | | |
|---|---|---|
| KARITA GREENE and MAE HELEN McCRIMMON, | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION H-09-3049 |
| WELLS FARGO BANK, N.A.; MANN & STEVENS, P.C.; and ROBERT L. HORN, | § § § § § | |
| Defendants. | § | |

**ORDER**

Pending before the Court in the above referenced cause is Plaintiff Karita Greene's ("Greene's") emergency motion for temporary restraining order and permanent injunction against Defendants because they are attempting to enforce a "fourth fraudulent writ of possession" and to evict her tomorrow (instrument #21).

For reasons explained below, the Court concludes that the motion should be denied.

First, this Court has administratively closed this cause of action as to Plaintiff Karita Greene (#13), and thus she may not file motions in it unless and until it is properly reinstated on the Court's active docket.

Second, in a joint response (#22) to Greene's emergency motion, Defendants have submitted copies of court judgments in

-1-

other court cases related to this case, of which the Court takes judicial notice, pursuant to Federal Rule of Evidence 201(b)(2)(A court may take judicial notice of facts "not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonable be questioned."). A court may take judicial notice of court records under Rule 201(b)(2). 21B Charles A. Wright & Kenneth W. Graham, Jr., *Federal Practice and Procedure* § 5106 (2d ed. 2005). Although a court cannot take judicial notice of findings of fact of other courts, the fact that a judicial action was taken cannot be disputed and is therefore amenable to judicial notice. *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 408 (5th Cir. 2004), *citing Taylor v. Charter Med. Corp.*, 162 F.3d 827, 831 (5th Cir. 1998).

The copies of the documents submitted by Defendants show that in an attempt to avoid foreclosure on the property at issue in this suit (14519 Woodside Crossing, Humble, Texas, "the property"), on May 30, 2007 Greene filed a lawsuit in the 151st District Court, Harris County, Texas, Cause No. 2007-33149, against various defendants. When Greene failed to get injunctive relief in that suit, Wells Fargo foreclosed on the property on September 2, 3007 and became the owner of the property. See Ex. A to #22, substitute Trustee's deed evidencing foreclosure.

Green amended her petition in the state court suit to include

Mann & Stevens, P.C., Wells Fargo Bank, N.A., and Barclays Capital Real Estate, Inc., d/b/a HomEq Servicing.  On February 7, 2008 the state district court granted Mann & Stevens' motion for summary judgment and dismissed it with prejudice.  Ex. B to #22.  On March 30, 2009 the same court granted Wells Fargo's and HomEq Servicing's joint motion for summary judgment and dismissed them with prejudice.  Ex. C to #22.  In addition, the 151st District Court permanently enjoined Greene from

> maintaining any existing lawsuits and filing any further litigation against Mann & Stevens, P.C., Wells Fargo, HomEq and/or their representatives, employees, or its existing or former clients who held or now hold an interest in the [property].

Ex. C to #22.

Subsequently on May 6, 2009 Wells Fargo obtained a judgment in the Justice of the Peace Court, Precinct 3, Place 1, for possession of the property and a writ of possession relating to it.  Ex. D to #22.  Greene and Mae H. McCrimmon ("McCrimmon") and tenants appealed that Justice Court judgment to the County Courts of Harris County, Texas.  On September 8, 2009, Wells Fargo obtained a judgment in the County Court at Law No. 1, Harris County Texas, for possession of the property, a writ of possession, and attorney's fees and costs amounting to $5,778.20.  Ex. E to #22.  Greene, McCrimmon and the others had until September 22, 2009 to vacate the property or a writ of possession would issue.  Greene did not appeal the decision and the time to appeal has expired.

Greene, McCrimmon, and others did not vacate the property by September 22, 2009. Green the filed two bankruptcies, (1) the first a Chapter 7, Case No. 09-37837, and (2) the other, a Chapter 13, Case No. 09-38604. The Chapter 7 case was dismissed on November 3, 2009. Ex. F to #22. In the Chapter 13 case, United States Bankruptcy Judge Marvin Isgur confirmed the expiration of the automatic stay on January 15, 2010. Ex. G to #22. Greene's Chapter 13 case was then converted to Chapter 7 and the United States Trustee reported it was a "no asset" case, i.e., there was no value in Greene's claims. Trustee's report, Ex. H to #22.

Thus the documents reflect that (1) Greene has been permanently enjoined from doing exactly what she is doing here, pursuing additional litigation against HomEq Servicing and Wells Fargo; (2) Wells Fargo has two judgments for possession of the property; and (3) Greene's failure to appeal makes the County Court judgment final.

As an added reason for denial of Greene's emergency motion, in the face of the documentary evidence the Court concludes that she has not and cannot meet her burden show that there is a substantial likelihood that she will prevail on the merits of her claim here, an essential element for a temporary restraining order or preliminary injunction. *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250. 252-53 (5th Cir. 2009).

Accordingly, the Court

ORDERS that Greene's emergency motion for injunctive relief is DENIED.

**SIGNED** at Houston, Texas, this 24th day of March, 2010.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE