UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KARITA GREENE, *et al*, | § | |
| | § | |
|     Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. H-09-3049 |
| | § | |
| WELLSFARGO BANK, NA, *et al*, | § | |
| | § | |
|     Defendants. | § | |

## **OPINION AND ORDER**

Pending before the Court are Defendant NovaStar Mortgage, Inc.'s ("NovaStar") Motion to Dismiss (Doc. 41), as well as Plaintiff Mae Helen McCrimmon's ("McCrimmon") responses (Docs. 55 and 72) and NovaStar's replies (Docs. 61, 78, and 79); Defendant BAC Home Loans Servicing, L.P.'s ("BAC"), erroneously named as Countrywide Home Loans, Inc., Motion to Dismiss (Docs. 44 and 64), as well as McCrimmon's responses (Docs. 54, 75, and 80) and BAC's reply (Doc. 88); Defendant Vericrest Financial, Inc., as successor in interest to The CIT Group/Consumer Finance, Inc., erroneously named in this lawsuit as The CIT Group's ("Vericrest") Motion to Dismiss (Docs. 45 and 65), as well as McCrimmon's responses (Docs. 56, 74, and 81) and Vericrest's reply (Doc. 87); Defendant EMC Mortgage Corporation's ("EMC") Motion to Dismiss (Docs. 40, 50, and 63), as well as McCrimmon's responses (Docs. 52, 73, and 82) and EMC's reply (Doc. 93); Defendants Well Fargo Bank, N.A., as Trustee under Pooling and Servicing Agreement Dated as of August 1, 2005 Securitized Asset Backed Receivables LLC Trust 2006-HE1 Mortgage Pass Through Certificates Series 2006-HE1 ("Wells Fargo"), Mann & Stevens, P.C. ("Mann"), Robert L. Horn ("Horn"), and Barclays Capital Real Estate, Inc., d/b/a/ HomEq Servicing's ("HomEq") Joint Motion for Summary Judgment (Doc. 59); and Defendant Weekley Homes, L.P.'s ("Weekley") Motion for Summary Judgment

(Docs. 76–77 and 100). Despite additional time to conduct discovery and file a response, McCrimmon did not respond to the Defendants' motions for summary judgment. (*See* Doc. 94.)

I. Background and Relevant Facts

This case involves four houses, seven mortgages, and twelve defendants, and is brought under the Truth in Lending Act of 1968 ("TILA"), 15 U.S.C. § 1601, *et seq.* The Court has supplemental jurisdiction over plaintiffs' state law claims. 28 U.S.C. § 1367(a).

On or about February 24, 2006, McCrimmon purchased the house at 14514 Laurenwood Court in Humble, Texas, for $447,977.00 from Defendant Weekley, the builder and seller. (Doc. 58 ¶¶ 7–8; Doc. 76-2.) McCrimmon financed the purchase with two loans originated by Defendant MILA, Inc ("MILA"). (Doc. 58 ¶ 9–10; Doc. 77.) The first loan was for $348,803.13 and the second for $89,538.05. (Doc. 58 ¶ 9–10.)

On or about March 17, 2006, Plaintiff McCrimmon obtained a loan from Defendant Aegis Funding Corporation ("Aegis") to purchase a second house located at 14519 Woodside Crossing Lane in Humble, Texas. (Doc. 58 at ¶ 12.) McCrimmon executed two promissory notes in connection with the purchase money loan. The first promissory note obligated McCrimmon to pay a principal amount of $233,000.00 (the "Senior Note"), and the second promissory note obligated her to pay a principal amount of $58,400.00 (the "Junior Note"). (Docs. 58 ¶ 13, 59-2, and 59-3.) In connection with the two promissory notes, McCrimmon executed two deeds of trust securing the notes. (Docs. 59-4 and 59-5.) Both deeds of trust were recorded in the official records of Harris County, Texas under County Clerk's File Number Z179679 (the "Senior Deed of Trust") and Z1796780 (the "Junior Deed of Trust"). (*Id.*) The Senior Note and Senior Deed of Trust were subsequently assigned by Mortgage Electronic Registration Systems, Inc., as nominee for Aegis under the Senior Deed of Trust, to Wells Fargo

(the "Assignment"). (Docs. 58 ¶ 14 and 59-6.)

On or about March 20, 2006, McCrimmon purchased a third house at 7307 Crescent Bridge Court in Humble, Texas. (Doc. 58 ¶ 15.) For this purchase, McCrimmon obtained two loans in the amounts of $238,567 and $59,410.56 from Defendant Vericrest. (*Id.* ¶ 17.)

To ease her financial troubles, McCrimmon alleges that she then refinanced a fourth house, this time her 96-year-old mother's home. (Doc. 58 ¶ 20.) This loan for $64,000 was originated by Defendant NovaStar. (*Id.* ¶ 23.)

At some point, it appears that Plaintiffs Karita Greene and her mother, McCrimmon, orally agreed that Greene would take over the second house at 14519 Woodside Crossing Lane and its related loan payments. (*See* Doc. 59-7 at 6.) But on April 9, 2007, McCrimmon executed a Contract for Deed conveying the property to John and Yvonne Gloston (the "Glostons"). (Doc. 59-8.) It also appears that Karita Greene and her husband, Tony Greene, subsequently rented the house at 14519 Woodside Crossing Lane from the Glostons but failed to pay the rent. (Doc. 59-9.)

Beginning January 1, 2007, McCrimmon failed to make her principal and interest payments under the Aegis loan for the house at 14519 Woodside Crossing Lane. (Doc. 59-1.) On September 4, 2007, Wells Fargo foreclosed on the senior lien. (Doc. 59-10.) When McCrimmon stopped making payments, the house at 14514 Laurenwood Court was also foreclosed on (Doc. 58 ¶¶ 25–26.)

On May 30, 2007, Greene filed a lawsuit in the 151st District Court of Harris County, Texas, in Cause No. 2007-33149, against her mother, McCrimmon, the Glostons, and others seeking damages in the amount of $6,539,256.00. (Doc. 59-11 at 49.)

On June 21, 2007, McCrimmon conveyed the house at 14519 Woodside Crossing Lane to

Greene via a warranty deed for the amount of $10.00 and, on that same day, Greene dismissed her claims against McCrimmon. (Doc. 59-13.)

On June 27, 2007, Greene amended her petition in Cause No. 2007-33149 to include Defendants Mann & Stevens, P.C. and Barron Taylor. (Doc. 59-15.) Greene now sought $28,624,601.94 in damages. (*Id.* at 28.) On January 29, 2008, Greene again amended her petition to add Defendants HomEq and Wells Fargo. (Doc. 59-16.)

On February 7, 2008, the 151st District Court of Harris County, Texas, granted Mann & Stevens, P.C.'s motion for final summary judgment. (Doc. 59-17.)

On May 18, 2008, while her first case in the 151st District Court was still pending, Greene, appearing as next friend of McCrimmon, and Al McZeal ("McZeal"), as next friend of Lula Mae Creton, filed a second lawsuit in the 280th District Court of Harris County, Texas, in Cause No. 2008-29220, naming, among others, HomEq and Wells Fargo as defendants, and demanding $68,060,932.00 in damages. (Doc. 59-22 at 49.) On July 18, 2008, Greene and McZeal's case was dismissed because, as she and McZeal are not attorneys, they cannot appear *pro se* on behalf of others. (Doc. 59-23.) Greene and McZeal appealed the dismissal to the Court of Appeals for the First District of Texas, which, on February 23, 2009, affirmed the decision in Case No. 01-08-644-CV. (Doc. 59-24.)

On March 30, 2009, the 151st District Court granted Wells Fargo and HomEq's joint motion for summary judgment in Cause No. 2007-33149. (Doc. 59-18.) By that order, the court also enjoined Greene from:

> maintaining any existing lawsuits and filing any further litigation against Mann & Stevens, P.C., Wells Fargo, HomEq and/or their representatives, employees, and attorneys, or its existing of former client who held or now hold an interest in the Property . . . .

(*Id.* at 2.) On October 30, 2009, the court dismissed Greene's case for want of prosecution.


(Doc. 59-21.)  Greene did not appeal and the interlocutory summary judgment orders became final judgments on the merits.

McCrimmon's recollection of these events is similar:

> I Mae McCrimmon am a widow of 74 years of age having been widowed for at least six years after being married for a half century to a devoted husband who cared for me.  During the course of our marriage my husband handled all financial and legal matters; thus, I had very little experience in dealing with financial and legal matters.  In an attempt to dispose of the debt as Barron Taylor said I would be able to, I deeded the homes to locate [sic] at 14519 Woodside Crossing Humble, TX and 7303 Crescent Bridge Court Humble, TX[1] to John and Yvonne Gloston.  Subsequently, to prevent my deeding of the property to the Glostons', my daughter, Karita Greene, who was living at 14519 Woodside Crossing Humble, TX sued me, the Glostons', Wells Fargo and other parties.  Upon demand of my daughter Karita Greene I deeded the home located at 14519 Woodside Crossing Humble, TX to her in order to be dismissed from the lawsuit.  At the time, I did not know I was an adverse party to the cause of action until my daughter filed the current federal lawsuit.
>
> I sought legal advice from Al McZeal; he represented himself to me as competent legal counsel in which he charged high rates of payment to me and my daughter for advice, drafting of pleadings and court filings.  Not being literate in matters of law, I believed Al McZeal to be providing me competent legal advice.  The court in its wisdom recognized that I needed competent legal advice and gave me a list of attorneys.  It was not until after I hired Mrs. James that I learned about the required disclosures under TILA and RESPA.
>
> During the course of closing [sic] of these residential mortgage loans, I was provided a stack of papers to sign.  Barron Taylor assured me that the loans were in my best interest.  I was never explained the total loan amount or the adjustable rate mortgage requirements.  I was never explained the interest rate.  I was simply told to sign the documents.  I was not explained the complexity of the loans or that I had a second mortgage loan in combination with the larger loan at the time of closing.

(Doc. 72-2.)

On September 21, 2009, McCrimmon and Greene filed the instant lawsuit.  (Doc. 1.) McCrimmon's third amended complaint, titled "Plaintiff's Second Amended Complaint," was filed on July 29, 2010.  (Doc. 58.)  McCrimmon sues Defendants B-Sure Financial Mortgage,

---

[1] The Court believes that the house McCrimmon refers to as "7303 Crescent Bridge Court Humble, TX" is actually located at 7307 Crescent Bridge Court in Humble, Texas.

LLC, NovaStar, MILA, Wilshire Homes, Ltd., Aegis, Vericrest, BAC, Willie R. Nelson, HomEq, EMC, Weekley, and Wells Fargo for fraud, negligence, and violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605, the Texas Deceptive Trade Practices Act ("TDTPA"), Chapter 180 of the Texas Finance Code, the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code § 392.001, *et seq.*, and Title VII, § 80.10 of the Texas Administrative Code. (*Id.*) Aegis filed for bankruptcy protection in Delaware on August 13, 2007. (Doc. 32.) From the docket sheet, it appears that McCrimmon failed to effect service on Defendants B-Sure Financial Mortgage, LLC and Wilshire Homes, Ltd.

II. Legal Standards

    A. Failure to State a Claim

Rule 8(a)(2) requires the plaintiff to make a "short and plain statement of a claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The function of a complaint is to give the defendant fair notice of plaintiff's claim and the grounds upon which plaintiff relies. *Doss v. S. Cent. Bell Tel. Co.*, 834 F.2d 421, 424 (5th Cir. 1987) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544. 555 (2007)).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the filing of a motion to dismiss a case for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of its entitlement to

relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation omitted). A plaintiff must allege sufficient facts to state a claim to relief that is "plausible" on its face. *Id.* at 569. A claim is facially plausible when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). It is the court's responsibility to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success. *Id.* However, conclusory allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss. *United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted). In ruling on a Rule 12(b)(6) motion, "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

    B. Summary Judgment

A party moving for summary judgment must inform the court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The substantive law governing the suit identifies the essential elements of the claims at issue and therefore indicates which facts

are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The initial burden falls on the movant to identify areas essential to the nonmovant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). If the moving party fails to meet its initial burden, the motion must be denied, regardless of the adequacy of any response. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). Moreover, if the party moving for summary judgment bears the burden of proof on an issue, either as a plaintiff or as a defendant asserting an affirmative defense, then that party must establish that no dispute of material fact exists regarding all of the essential elements of the claim or defense to warrant judgment in his favor. *Fontenot v. Upjohn*, 780 F.2d 1190, 1194 (5th Cir. 1986) (the movant with the burden of proof "must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor") (emphasis in original).

Once the movant meets its burden, however, the nonmovant must direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 323–24. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Indust. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citing *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). Instead, the nonmoving party must produce evidence upon which a jury could reasonably base a verdict in its favor. *Anderson*, 477 U.S. at 248; *see also DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005). To do so, the nonmovant must "go beyond the pleadings and by [its] own affidavits or by depositions, answers to interrogatories and admissions on file, designate specific facts that show there is a genuine issue for trial." W*ebb v. Cardiothoracic Surgery Assoc. of North Texas, P.A.*, 139 F.3d 532, 536 (5th Cir.1998)

(overruled on other grounds by *Burlington N. & Santa Fe Ry. Co. v. White*, 126 S.Ct. 2405, 2414 (2006)). Unsubstantiated and subjective beliefs and conclusory allegations and opinions of fact are not competent summary judgment evidence. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998); *Grimes v. Texas Dept. of Mental Health and Mental Retardation*, 102 F.3d 137, 139–40 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992), *cert. denied*, 506 U.S. 825 (1992). Nor are pleadings summary judgment evidence. *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1046 (5th Cir. 1996) (citing *Little*, 37 F.3d at 1075). The nonmovant cannot discharge his burden by offering vague allegations and legal conclusions. *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 889 (1990). Nor is the court required by Rule 56 to sift through the record in search of evidence to support a party's opposition to summary judgment. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).

Nevertheless, all reasonable inferences must be drawn in favor of the nonmoving party. *Matsushita*, 475 U.S. at 587–88; *see also Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). Furthermore, the party opposing a motion for summary judgment does not need to present additional evidence, but may identify genuine issues of fact extant in the summary judgment evidence produced by the moving party. *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 198–200 (5th Cir. 1988). The nonmoving party may also identify evidentiary documents already in the record that establish specific facts showing the existence of a genuine issue. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990). There is a "genuine" issue of material fact if the "evidence is such that a

reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

III. Discussion

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting the fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b); *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992). Nevertheless, Rule 9(b) requires "more than a simple allegation that a defendant had fraudulent intent." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994). Adequate scienter requires a plaintiff to "set forth specific facts that support an inference of fraud." *Id.*; *see Greenstone v. Cambex Corp.*, 975 F.2d 22, 25 (1st Cir. 1992) ("The courts have uniformly held inadequate a complaint's general averment of the defendant's 'knowledge' of material falsity, unless the complaint *also* sets forth specific facts that makes it reasonable to believe that defendant knew that a statement was materially false or misleading.") (emphasis in original); *DiLeo v. Ernst & Young*, 901 F.2d 624, 629 (7th Cir. 1990) ("Although Rule 9(b) does not require 'particularity' with respect to the defendants' mental state, the complaint must still afford a basis for believing that plaintiffs could prove scienter"), *cert. denied*, 498 U.S. 941 (1990); *cf. Wexner v. First Manhattan Co.*, 902 F.2d 169, 172 (2d Cir. 1990) (requiring plaintiffs who allege fraud "to plead the factual basis which gives rise to a strong inference of fraudulent intent." (internal quotation omitted)).

The Fifth Circuit strictly interprets Rule 9(b) as requiring the plaintiff to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 208 (5th Cir. 2009) (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997); *Nathenson v. Zonagen, Inc.*, 267 F.3d 400, 412

(5th Cir. 2001)). "Put simply, Rule 9(b) requires the complaint to set forth 'the who, what, when, where, and how' of the events at issue." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) (quoting *ABC Arbitrage Plaintiffs Group v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002)).

With respect to Defendant NovaStar, Plaintiff's third amended complaint alleges only one operative fact, namely that NovaStar, as part of a scheme to defraud, originated the loan for $64,000 that McCrimmon took out on her mother's home. (Doc. 58 ¶ 23.) Because Plaintiff fails meet the pleading standard for a fraud claim against NovaStar, as well as any other cause of action, this Defendant must be dismissed for failure to state a claim.

With respect to Defendant BAC, Plaintiff's third amended complaint alleges only one operative fact, namely that BAC, as part of a scheme to defraud, acquired the house at 14514 Laurenwood Court in Humble, Texas, in foreclosure. (Doc. 58 ¶¶ 25–26.) Because Plaintiff fails to meet the pleading standard for a fraud claim against BAC, as well as any other cause of action, this Defendant must be dismissed for failure to state a claim.

With respect to Defendant Vericrest, Plaintiff's third amended complaint alleges only one operative fact, namely that Vericrest (referred to in the complaint as "CITG"), as part of a scheme to defraud, originated two loans for the house at 7307 Crescent Bridge Court in Humble, Texas. (Doc. 58 ¶¶ 15, 17.) Because Plaintiff fails to meet the pleading standard for a fraud claim against Vericrest, as well as any other cause of action, this Defendant must be dismissed for failure to state a claim.

With respect to Defendant EMC, Plaintiff's third amended complaint alleges only one operative fact, namely that EMC, as part of a scheme to defraud, purchased the loan for the house at 7307 Crescent Bridge Court in Humble, Texas, and failed to disclose that it was owned

by Chase. (Doc. 58 ¶ 18.) Chase is not a defendant in this action. Because Plaintiff fails to meet the pleading standard for a fraud claim against EMC, as well as any other cause of action, this Defendant must be dismissed for failure to state a claim.

With respect to Defendant Weekley, Plaintiff's third amended complaint alleges only one operative fact, namely that Weekley, the builder and seller of the house at 14514 Laurenwood Court in Humble, Texas, as part of a scheme to defraud, did not disclose its joint venture relationship with Stewart Title and/or property title companies. (Doc. 58 ¶ 40.) Stewart Title and/or property title companies are not defendants in this suit. Because Plaintiff fails to meet the pleading standard for a fraud claim against Weekley, as well as any other cause of action, this Defendant must be dismissed for failure to state a claim.

"Res judicata prevents relitigation of claims that have been finally adjudicated, or that arise out of the same subject matter and that could have been litigated in the prior action." *Amstadt v. U.S. Brass Corp.*, 919S.W.2d 644, 652 (Tex. 1996) (internal citations omitted). For *res judicata* to attach, there must be proof of the following elements: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identify of parties of those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action. *Id.* "[U]nder the Full Faith and Credit Act a federal court must give the same preclusive effect to a state-court judgment as another court of that State would give." *Shimon v. Sewerage & Water Bd. of New Orleans*, 565 F.3d 195, 199 (5th Cir. 2009) (quoting *Parsons Steel, Inc. v. First Ala. Bank*, 474 U.S. 518, 523 (1986). Plaintiffs McCrimmon and Greene had ample opportunity to assert their claims in the 151st District Court proceeding in Cause No. 2007-33149. The judgments on the merits in that case against Defendants HomEq, Wells Fargo, Mann, and Horn are now final. Plaintiffs McCrimmon and Greene's lawsuit against these

defendants is therefore barred by *res judicata*. Nevertheless, out of an abundance of caution, to the extent that the state court dismissal of Greene's prior case for want of prosecution might not be considered a final judgment on the merits, the Court finds that McCrimmon fails to state a claim against Defendants HomEq, Wells Fargo, Mann, and Horn. (*See* Docs. 59-17, 59-18, and 59-21.)

"TILA is a federal consumer protection statute that provides consumers with a cause of action against creditors that fail to make required disclosures." *Williams v. Countrywide Home Loans, Inc.*, 504 F.Supp. 2d 176, 184 (S.D. Tex. 2007). TILA's purpose is to "promote that informed use of consumer credit by requiring disclosures about its terms and costs," and "[r]egulations give consumers the right to cancel certain credit transactions that involve a lien on a consumer's principal dwelling." *Id.* "A person is a [TILA] 'consumer' if the 'party to whom credit is offered or extended is a natural person, and the money, property , or services which are the subject of the transaction are primarily for personal, family, or household purposes.'" *Id.* at 184 n.1 (citing 15 U.S.C. § 1602(h)).

TILA requires a borrower who does not receive certain material disclosures to initiate an action for damages within one year of the violation. 15 U.S.C. § 1640(e). Further, any claim under TILA for rescission of the loan transaction must be brought within three years of the violation. 15 U.S.C. § 1635(f). A failure to provide the required disclosures under TILA occurs at the time the contractual relationship between the lender and the borrower is consummated, i.e., at the time the loan documents are executed. *Moor v. Traveler's Ins. Co.*, 784 F.2d 632, 633 (5th Cir. 1986). "Nondisclosure is not a continuing violation for purposes of the statute of limitations." *Id.*

Assuming, *arguendo*, that McCrimmon were able to state a claim for violations of TILA,

such claims would be barred for several reasons. First, it is unclear which, if any, of the seven loans at issue in this case were intended "primarily for personal, family, or household purposes." *Williams*, 504 F.Supp. 2d at 184 n.1. McCrimmon's allegation that she purchased the houses as investment properties undermines her effort to show their personal and familial nature. (*See* Doc. 58 ¶¶ 7, 11, 12, 15, 20, 45, 46.) Second, the loan documents at issue in this case were executed in February and March of 2006 and Plaintiffs filed this lawsuit more than three years later, on September 21, 2009. Therefore, even if McCrimmon could show she is entitled to protection under TILA, her claims are time barred.

IV.  Conclusion

Accordingly, the Court hereby **ORDERS** that Defendant NovaStar's Motion to Dismiss (Doc. 41 and 61) is **GRANTED**.

The Court further **ORDERS** that Defendant BAC's Motions to Dismiss (Docs. 44 and 64) are **GRANTED**. The alternative Motion for More Definite Statement (Doc. 44) is **MOOT.**

The Court further **ORDERS** that Defendant Vericrest's Motions to Dismiss (Docs. 45 and 65) are **GRANTED**. The alternative Motion for More Definite Statement (Doc. 45) is **MOOT.**

The Court further **ORDERS** that Defendant EMC's Motions to Dismiss (Docs. 40, 50, and 63) are **GRANTED**. The alternative Motions for More Definite Statement (Docs. 50 and 63) are **MOOT.**

The Court further **ORDERS** that Defendants Wells Fargo, Mann, Horn, and HomEq's Joint Motion for Summary Judgment (Doc. 59) is **GRANTED**.

The Court further **ORDERS** that Defendant Weekley's Motion for Summary Judgment (Docs. 76, 77 and 100) is **GRANTED**.

All of the Defendants named above are **DISMISSED** as to Plaintiff Mae Helen McCrimmon's third amended complaint. (Doc. 58.) Recently reinstated *pro se* Plaintiff Karita Greene's original complaint  (Doc. 1.) remains pending against Defendants Wells Fargo, Mann, and Horn.

SIGNED at Houston, Texas, this 28th day of February, 2011.

*[signature]*

MELINDA HARMON
UNITED STATES DISTRICT JUDGE