UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KARITA GREENE, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. H-09-3049 |
| | § | |
| WELLSFARGO BANK, NA, *et al*, | § | |
| | § | |
| Defendants. | § | |

**<u>OPINION AND ORDER</u>**

Pending before the Court are the following motions:

1) Plaintiff Mae McCrimmon's motion (Doc. 144) for reconsideration of the Court's opinion and order (Doc. 141) dismissing McCrimmon's claims against Defendants NovaStar Mortgage, Inc. ("NovaStar"), Defendant BAC Home Loans Servicing, L.P. ("BAC"), and Defendant Vericrest Financial, Inc.[1] ("Vericrest");

2) Plaintiff Mae McCrimmon's motion (Doc. 145) for reconsideration of the Court's opinion and order (Doc. 141) granting Defendant Weekley Homes, L.P.'s ("Weekley") motions for summary judgment (Docs. 76, 77, and 100);

3) Plaintiff Mae McCrimmon's motion (Doc. 146) for reconsideration of the Court's opinion and order (Doc. 141) granting Defendants Wells Fargo Bank, N.A. ("Wells Fargo"), Mann & Stevens, P.C. ("Mann"), Robert L. Horn ("Horn"), and Barclays Capital Real Estate, Inc., d/b/a HomEq Servicing's ("HomEq") joint motion for summary judgment (Doc. 59);

4) McCrimmon's motion (Doc. 179) for reconsideration of the Court's order (Doc. 178) denying McCrimmon's motion for default judgment (Doc. 108) against defendant MILA, Inc. ("MILA");

---

[1] Vericrest is the successor in interest to The CIT Group/Consumer Finance, Inc., a named defendant in this action. Consistent with its earlier opinion, this Court will use "Vericrest" to mean the Defendant named as The CIT Group.

5) McCrimmon's motion (Doc. 165) to amend her complaint, contained in her reply to NovaStar, Weekley, and EMC's response to her motion for reconsideration;

6) McCrimmon's motion (Doc. 162) for sanctions against Defendants Wells Fargo and HomEq.;

7) McCrimmon's motion (Doc. 182) for default judgment against Defendant B–Sure Financial Mortgage, LLC ("B-Sure");

8) Defendant Wells Fargo's motion (Doc. 176) for summary judgment, seeking to strike Plaintiff Karita Greene's pleadings and enforce permanent injunctions imposed against Greene by the 151st District Court of Harris County, Texas;

9) Defendants Mann and Horn's similar motion (Doc. 172) to strike Greene's pleadings, enforce the same injunction, and to dismiss Greene's claims against them; and

10) McCrimmon's motion (Doc. 181) for clarification of the Court's scheduling order.

After reviewing the motions, the record of this case, and all applicable law, the Court finds that Plaintiffs' motions should be denied, that Defendants Wells Fargo, Mann, and Horn's motions should be granted, and therefore that the case should be dismissed as to all Defendants.

<u>Background</u>

The Court detailed the underlying facts of this case in its opinion and order of February 28, 2011. Doc. 141 at 2-6. Because it is particularly relevant to the resolution of this case, however, the Court notes that Greene previously brought claims in a state proceeding in the 151st District Court of Harris County, Texas that were substantially similar or identical to those that she now brings in this Court against Defendants HomEq, Wells Fargo and Mann. Docs. 59–15, 59–16. On February 7, 2008, the 151st District Court granted summary judgment in favor of Mann and dismissed Greene's claims with prejudice. On May 18, 2008, the 151st District Court

granted summary judgment against Greene on her claims against Wells Fargo and HomEq and, in the same order, enjoined Greene from "maintaining any existing lawsuits and filing any further litigation against" Mann, Wells Fargo, and HomEq. Doc. 59–18 at 2.

For the purpose of this opinion and order, the Court otherwise relies on the facts as set forth in its earlier opinion. Doc. 141.

### 1. Motion for Reconsideration of the Court's Order Dismissing Claims Against NovaStar, BAC, Vericrest, and EMC

McCrimmon moves for reconsideration of the Court's order dismissing her claims against NovaStar, BAC, Vericrest, and EMC on the grounds that "the opinion . . . did not analyze the structure of the pleading along with the entire allegations of the pleading." Doc. 144 at 5. In fact, the Court considered McCrimmon's allegations and found that she had failed to plead with adequate specificity the facts underlying her claims of fraud against these four defendants. The factual allegations on which McCrimmon relies in her motion for reconsideration are the same vague allegations and legal conclusions which the Court found lacking in its original opinion and order. Nor has McCrimmon introduced new evidence supporting her motion.[2]

McCrimmon's motion for reconsideration of the Court's opinion and order dismissing her claims against NovaStar, BAC, Vericrest, and EMC is denied.

### 2. Motion for Reconsideration of the Court's Order Granting Summary Judgment for Defendant Weekley

McCrimmon moves for reconsideration of the Court's order granting summary judgment

---

[2] McCrimmon attached a document, labeled "Exhibit A," to each of her motions for reconsideration. Although she refers to the document as "evidence" of her claims, it is no more than a table, apparently created by Plaintiff's counsel to support the motions for reconsideration, indicating for the Court the location of purported factual allegations in her complaint that support her fraud claims against the Defendants. Although the exhibit is not itself evidence, the Court nonetheless has considered the specific allegations in Plaintiff's complaint which she identifies in "Exhibit A."

for Defendant Weekley on the grounds that Weekley did not provide requested discovery prior to the Court's decision on Weekley's motion for summary judgment. The Court previously granted McCrimmon additional time to conduct discovery and to respond to Weekley's motion for summary judgment. Despite that extension, McCrimmon did not file a response to Weekley's motion. Her failure to conduct adequate discovery at that time or to file any response alerting the Court to Weekley's supposed intractability is not grounds for reconsideration.

Additionally, McCrimmon states that Weekley's motion for summary judgment referred throughout to McCrimmon's "Fifth Amended Complaint," filed as an attachment to McCrimmon's motion to amend of August 22, 2010. Docs. 66, 66–1. McCrimmon contends that because the Court subsequently denied McCrimmon's motion to amend, the Fifth Amended Complaint was "not before the Court" and Weekley's motion should therefore have been denied. Doc. 145 at 2. McCrimmon did not respond to Weekley's motion for summary judgment and therefore raises this argument for the first time in her motion for reconsideration.

It is clear that the Court based its decision on McCrimmon's third amended complaint, the operative pleading at the time of the Court's decision. Importantly, as McCrimmon states in her motion for reconsideration, "the Court granted [a motion for summary judgment] to Defendant [Weekly] based upon its analysis of Plaintiff's complaint. (Doc. 58)." Doc. 145 at 2 (citation in original). In the opinion and order, the Court stated "[w]ith respect to Defendant Weekley, Plaintiff's **third amended complaint** alleges only one operative fact." Doc. 141 at 12 (emph. added). The Court properly considered McCrimmon's allegations against Weekley contained in her third amended complaint and found that she had failed to allege facts or introduce evidence to support her claim. McCrimmon's motion for reconsideration of the Court's order granting summary judgment for Weekley is denied.

3. McCrimmon's Motion for Reconsideration of the Court's Order Granting Summary

Judgment For Wells Fargo and HomEq

McCrimmon moves for reconsideration of the Court's order granting summary judgment for Wells Fargo and HomEq. Doc. 146.  McCrimmon asserts that the Court erred when it found that her claims against Wells Fargo and HomEq were barred by the preclusive effect of the judgment of the 151st District Court for Harris County and time-barred by the applicable statutes of limitation. *Id.* at 3-4.

The Court stands by its earlier decision that the dismissal of Greene's state court wrongful foreclosure action against Wells Fargo and HomEq precludes McCrimmon's claims against these same Defendants arising out of the same disputed conduct and the same piece of property.

Furthermore, after determining that *res judicata* precluded Greene's claims against Wells Fargo and HomEq, the Court then went on to find that, whether or not McCrimmon's claims were precluded, she failed to state a claim against these Defendants. The Court determined that McCrimmon's federal claims were time-barred by the applicable statute of limitations. Doc. 141 at 13. McCrimmon now contends that the doctrine of equitable tolling should apply to her case because she did not know her rights under federal law. Doc. 146 at 6. Contrary to McCrimmon's assertion, her ignorance of her rights is not grounds for equitable tolling. McCrimmon introduced no evidence of a continuing fraud on the part of the Defendants. Instead, McCrimmon asserts that the Defendants' refusal to turn over discovery evidence supports her request for equitable tolling. Doc. 146 at 7-8.

McCrimmon has not shown a manifest error in the Court's finding that "the loan documents at issue in this case were executed in February and March of 2006 and Plaintiffs filed

this lawsuit more than three years later, on September 21, 2009." The Court did not err when it found that McCrimmon's claims against Wells Fargo and HomEq were time-barred by the applicable statutes of limitation. McCrimmon's motion for reconsideration of the Court's order granting summary judgment for Wells Fargo and HomEq is denied.

4. McCrimmon's Motion for Reconsideration of the Court's Order Denying Default Judgment Against Defendant MILA

McCrimmon moves for reconsideration of the Court's order denying her motion for default judgment against Defendant MILA. Doc. 179.

The Court determined that McCrimmon's complaint, which mentioned MILA only twice and contained no factual allegations of wrongdoing on the Defendant's part, "could not withstand a motion to dismiss for failure to state a claim against MILA." Doc. 178. In her motion for reconsideration, McCrimmon asserts that she pleaded sufficient facts to survive a motion to dismiss. Specifically, McCrimmon alleges that she "acquired seven loans on four properties, totaling approximately 1.9 million dollars," that the loan broker "convinced . . . [her] to sign blank documents," and that she suffered damages as a result thereof. McCrimmon alleges that "MILA was the loan originator of the home purchased by plaintiff" and that "that plaintiff paid monies to MILA that forced her into bankruptcy." Doc. 179 at 3-4.

Because such vague allegations are insufficient to meet the standard of Rule 12(b)(6), the Court's denial of McCrimmon's motion for default judgment based on those statements was not in error.

McCrimmon also appears to object to Magistrate Judge Stacy's denial of McCrimmon's motion to file a fifth amended complaint and asserts that the fifth amended complaint "addressed several of the issues set forth in the [Court's] order dismissing plaintiff causes of actions against

the defendants." *Id.* at 8. McCrimmon has identified no adequate grounds for reconsideration of the Magistrate Judge's order denying her leave to file a fifth amended complaint.

### 5. McCrimmon's Motion to Amend

In her reply to EMC, NovaStar, and Weekley's responses to her motion for reconsideration, McCrimmon also seeks to amend her complaint, arguing only "that [t]his is a very complicated case." Doc. 165 at 3. Having already granted McCrimmon leave to amend three times, the Court is not persuaded that the "complicated" nature of this case is sufficient grounds for leave to amend yet again. McCrimmon's motion to amend is denied.

### 6. McCrimmon's Motion for Sanctions

Two months after the Court issued its order dismissing or granting summary judgment against McCrimmon's claims against all Defendants, McCrimmon filed a motion for sanctions against Wells Fargo and HomEq. Doc. 162. McCrimmon seeks sanctions for Wells Fargo and HomEq's alleged non-compliance with the Court's discovery orders. McCrimmon did not respond to Wells Fargo and HomEq's joint motion for summary judgment and did not move for sanctions before her claims were dismissed. Because the Court previously dismissed McCrimmon's claims against Wells Fargo and HomEq, and because the Court today reaffirms that order, McCrimmon's motion for sanction is untimely and therefore denied.

### 7. McCrimmon's Motion for Default Judgment Against Defendant B-Sure Mortgage

McCrimmon has also moved for a default judgment for her claims against Defendant B-Sure. McCrimmon alleges that she perfected service on June 6, 2010, that B-Sure failed to respond within 21 days as required by Federal Rule of Civil Procedure 12(a)(1)(A), and therefore that the Court should award McCrimmon a default judgment pursuant to Rule 55(a).

In her complaint, McCrimmon makes the following allegations against Defendant B-

Sure:

> Upon information and belief the Loan Originators and B-Sure misrepresented the complex terms of the plaintiffs multiple loans.
> Upon information and belief the Loan Originators and B-Sure encouraged plaintiff to refinance the equity in her home and her mother's home to obtain money to support the high interest of the multiple loans of approximately one million;
> Upon information and belief the Loan Originators and B-Sure encouraged plaintiff to obtain complicated mortgage financing to support the multiple loans of approximately one million;
> Upon information and belief the Loan Originators and B-Sure encouraged plaintiff to sign complex mortgage loans with high monthly payments, increased interest rates, and risk of negative amortization;
> B-Sure used complicated business practices to obtain the kickbacks and the misleading disclosures information on the documents regarding the existence of any such kickbacks arrangements. Because of the fraudulent concealment of the kickbacks and complicated disclosures, the plaintiff was prevented from learning of the kickbacks as well as the disclosures which justify equitable tolling of statue of limitation on RESPA and TILA. Because of fraudulent concealment, Plaintiff was prevented from performing due diligence required to make a reasonable inquiry into the fraudulent nature of the loans.

Doc. 58. These allegations are insufficient to satisfy the requirements for entry of default against B-Sure. "[A] defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient factual basis in the pleadings for the judgment entered." *Nishimatsu Construction Co., Ltd. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citing *Ohio Central Railroad Company v. Central Trust Company of New York*, 133 U.S. 83 (1889); *Thomson v. Wooster*, 114 U.S. 104 (1884); *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 63–64 (2d Cir. 1971)). As the Court has stated in this opinion and in its previous order dismissing McCrimmon's claims against other Defendants, McCrimmon has made only vague and conclusory allegations against B-Sure.

While the sufficiency of a complaint under Rule 8(a)(2) may be challenged by motion under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, even if the defendant

does not file such a motion, the court "has the authority to consider sufficiency of a complaint on its own initiative." *Landavazo v. Toro Co.*, 301 Fed. Appx. 333, 336 (5th Cir. 2008) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) ("As a general rule, a district court may dismiss a complaint on its own motion for failure to state a claim.")).

Because McCrimmon's claims against B-Sure are insufficient to withstand a motion to dismiss, her motion for default judgment is denied and her claims against Defendant B-Sure are dismissed.

### 8. and 9. Mann, Horn, and Wells Fargo's Motions to Strike Karita Greene's Pleadings

In the opinion and order dismissing McCrimmon's claims against all Defendants, the Court notified the parties that "Greene's original complaint (Doc. 1) remains pending against Defendants Wells Fargo, Mann, and Horn." Doc. 141 at 15. Greene's original complaint asserted claims against Wells Fargo, Mann, and Horn relating to real property located at 14519 Woodside Crossing, Humble, TX 77396.

Defendants Mann and Horn have jointly moved to strike Karita Greene's pleadings and enforce a permanent injunction issued by the 151st Judicial District Court of Harris County, Texas, enjoining Greene "from maintaining any existing lawsuits and filing any further litigation against Mann & Stevens, P.C., Wells Fargo, HomEq and/or their representatives, employees, and attorneys, or its existing or former clients who held or now hold an interest in the Property known as 14519 Woodside Crossing." Doc. 172–1 at 4. Wells Fargo also moves for an injunction on the same grounds. Doc. 176.

"[S]tate courts are completely without power to restrain federal-court proceedings in *in personam* actions" through the issuance of anti-suit injunctions. *Donovan v. City of Dallas*, 377 U.S. 408, 412, 84 S.Ct. 1579 (1964). The injunction of the 151st District Court does not,

therefore, prevent Greene from pursuing federal rights in federal court. Nevertheless, the injunction was issued together with the judgment of the 151st District Court dismissing with prejudice Greene's claims against the Defendants. "Res judicata prevents relitigation of claims that have been finally adjudicated, or that arise out of the same subject matter and that could have been litigated in the prior action." *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996) (internal citations omitted).

For *res judicata* to attach, there must be proof of the following elements: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action. *Id.* "[U]nder the Full Faith and Credit Act a federal court must give the same preclusive effect to a state-court judgment as another court of that State would give." *Shimon v. Sewerage & Water Bd. of New Orleans*, 565 F.3d 195, 199 (5th Cir. 2009) (quoting *Parsons Steel, Inc. v. First Ala. Bank*, 474 U.S. 518, 523 (1986).

Here, Greene is asserting claims against Wells Fargo, Mann, and Horn which she had ample opportunity to litigate in her state court action against these Defendants. The judgment on the merits in that case is final. Greene's claims against Wells Fargo, Mann, and Horn are therefore barred by *res judicata* and hereby dismissed. Defendants' motions to enforce the 151st District Court for Harris County's injunction are denied.

<u>10. McCrimmon's Motion for Clarification of the Court's Scheduling Order</u>

Because there are no remaining claims against any Defendant in this action, McCrimmon's motion (Doc. 181) for clarification of the Court's scheduling order is moot.

<u>Conclusion</u>

For the foregoing reasons, the Court hereby

**ORDERS** that Plaintiff Mae McCrimmon's motions for reconsideration (Docs. 144, 145, 146) of the Court's opinion and order (Doc. 141) are **DENIED**;

**ORDERS** that McCrimmon's motion for reconsideration (Doc. 179) of the Court's order (Doc. 178) denying default judgment against Defendant MILA is **DENIED**;

**ORDERS** that McCrimmon's motion to amend (Doc. 165) her complaint is **DENIED**;

**ORDERS** that McCrimmon's motion for sanctions (Doc. 162) is **DENIED**;

**ORDERS** that McCrimmon's motion for default judgment (Doc. 182) against Defendant B-Sure Financial Mortgage, LLC is **DENIED**;

**ORDERS** that the motions of Defendants Mann & Stevens, PC, Robert L. Horn, (Doc. 172) and Wells Fargo Bank, NA (Doc. 176) to strike Karita Greene's pleadings are **GRANTED** and to enforce permanent injunctions are **DENIED**;

**ORDERS** that McCrimmon's motion for clarification (Doc. 181) is **DENIED** as moot;

**ORDERS** that Plaintiff Karita Greene's claims are **DISMISSED** as to all Defendants.

SIGNED at Houston, Texas, this 20th day of March, 2012.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE